# EXHIBIT F

On 09 /18/ 19 at 05:22:44, lessig@law.harvard.edu (lessig@law.harvard.edu) wrote:

Mr. Baquet:

I'm writing about a deeply frustrating (and damaging) experience with your great newspaper, hopeful you might be able to help.

I've been close to the Joi Ito struggle at MIT. After the Farrow piece was published, I published this piece on Medium. It's a 3,500 word essay precisely explaining my thoughts and emotions on this complex issue, in which many universities and institutions take money in a way that is morally abhorrent. Your reporter, Nellie Bowles, wanted to do a Q&A based that piece. We spoke for an hour on Tuesday, September 10. On the 13th, she called me to fact-check the essay.

In that fact-check, we discussed a number of points, including the opening. The opening she read to me made the suggestion that I was justifying the idea of raising money from Epstein. I told her then that that was a significant mischaracterization of what I wrote. Specifically, my piece argues that it was wrong for Joi to raise money from Epstein (even if anonymously), wrong for MIT to approve and direct it, and wrong for me, in 2014, not to recognize just how wrong it was when Joi asked my advice. (He did that then because he knew I victim of abuse; as I explain in the piece, I am ashamed I did not then allow the emotion of his question overwhelm the rationality within my response). I emphasized that in no case was I defending a university raising of money from Epstein. To the contrary, my piece declared the error in the decision to raise money from Epstein AND ALSO the error in scapegoating Ito, given MIT's complicity and knowledge. I understood Nellie to say she'd correct that misimpression.

On Saturday, I was on a plane from Europe, so I didn't see the published piece until Saturday night. Suffice it, I was astonished. The headline of the piece is "A Harvard Professor Doubles Down: If You Take Epstein's Money, Do It in Secret"; the lede of the piece is "It is hard to defend soliciting donations from the convicted sex offender Jeffrey Epstein. But Lawrence Lessig, a Harvard Law professor, has been trying."

These statements are false. I don't say you should take Epstein's money "in secret." I say the opposite: that you should **NOT** take Epstein's money, **EVEN IF** in secret. And there is no place anywhere — in 2019, as opposed to 2014 — where I "defend soliciting donations from the convicted sex offender Jeffrey Epstein." Again, to the contrary, my piece argues that it was **wrong** to "solicit donations" from Epstein, whether anonymously or in public. Thus the headline and the lede are both demonstrably false, as they state that I am justifying taking money from Epstein when plainly I am not.

I wrote Nellie on Saturday about the problem. She replied that she thought the correct impression of my position was clear if one read her whole piece. That seemed then to be an evasion, but I was hopeful it might spur a correction. When there was no correction, and to staunch the hate flowing across the transom, I wrote this. Again, my aim there was to correct the misimpression but not to suggest any malign intent. Nellie called me, upset with that piece. I think she may have been surprised that the real anger is on my side.

I understand you are in the middle of many battles. This ought to be easy. Your headline and lede are flatly false. They create an impression that is false and defamatory. They make it more difficult for me to lead the reform work I intend to launch (and write about next week) to get universities to accept only the money they would be proud to declare — what I call in the original essay Type 1 and Type 2. Obviously, I don't intend to litigate the question. But I am still hopeful enough that you will see the facts as they are. Yes, I wrote an article defending Joi against the scapegoating that he was suffering, especially after Farrow created the impression that he was acting rogue. But I did not — anywhere — ever try to "defend soliciting donations

1

from the convicted sex offender Jeffrey Epstein" or argue that "If you take Epstein's money, do it in secret." Those statements by your newspaper are plainly false.

---

Lawrence Lessig
Roy L. Furman Professor of Law and Leadership  |  Harvard Law School
1563 Massachusetts Avenue  |  Cambridge, MA 02138
(617) 496-8853  |  (617) 496-5156 (fax)  |  @lessig

On September 20, 2019 at 12:40:41, Pollock, Ellen (ellen.pollock@nytimes.com) wrote:

> Dear Professor Lessig:
>
> I am the business editor of The New York Times and your note to Dean Baquet was forwarded to me. I have read your letter, and I read your piece on Medium very shortly after it was posted.
>
> I want you to know that we take your complaint seriously. We have reviewed it carefully, and several other editors and I have discussed it at some length. While I understand your concerns, and the sensitivity and complexity of this topic, we continue to believe our q&a piece--in its entirety-- accurately conveys what you said in the interview with Nellie Bowles.
>
> In both the Medium essay and your interview with this newspaper you made a number of different points on a complex issue. Not all of your points could be summed up in a headline or in one sentence. But it seems clear to us that you did defend Mr. Ito's actions in soliciting money from Epstein and you did say that if a university is going to take money from someone like Epstein, it's better to do so anonymously.
>
> I know you are frustrated and I am sure you will be disappointed with this decision. And I am sorry you are unhappy about the article.
>
> We appreciate the time you took to speak to our reporter.
>
> Regards,
> Ellen Pollock
> Business Editor
> The New York Times